**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RONALD WAYNE EDMOND, ) | | |
| ID # 579280, ) | | |
|     Petitioner, ) | | |
| vs. ) | No. 3:08-CV-1396-M (BH) | |
| ) | | |
| NATHANIEL QUARTERMAN, Director, ) | Referred to U.S. Magistrate Judge | |
| Texas Department of Criminal ) | | |
| Justice, Correctional Institutions Division, ) | | |
|     Respondent. ) | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and an order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I. PROCEDURAL HISTORY**

In August 2008, petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 wherein he purports to challenge (1) his Dallas County conviction in Cause No. F90-30594-MW; (2) an unspecified parole revocation proceeding; and (3) unspecified disciplinary proceedings the last of which occurred on April 10, 2008, at his current place of incarceration. (*See* Pet. Writ Habeas Corpus ("Pet.") at 2, 5.) Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On August 26, 2008, the Court issued a Notice of Deficiency and Order ("NOD") notifying petitioner that he had not paid the requisite filing fee nor submitted a request to proceed *in forma pauperis* ("IFP") with a required certificate of inmate trust account. He was granted thirty days to cure the deficiency and warned that the failure to do so could result in the dismissal of this action

pursuant to Fed. R. Civ. P. 41(b). After the Court received an application to proceed IFP without the required certificate of inmate trust account, it granted petitioner another thirty days to submit the required certificate via a second NOD. Petitioner thereafter responded with an "Inmate Request for Withdrawal" which reflects that he has authorized the withdrawal of $5.00 from his prison account for payment of the fee in this case. Because the response also provided sufficient financial information to determine that petitioner did not qualify for IFP status, the Court directed him to pay the fee within thirty days of the date of the Court's October 21, 2008 order, *i.e.*, on or before November 20, 2008, via a third NOD.

Although the deadline for fee payment passed on November 20, 2008, petitioner has not paid the filing fee. He has instead filed correspondence in which he explains his various attempts to send his certificate of inmate trust account, reiterates that he has sent the Court the withdrawal slip, and claims he has done all that he can do. The correspondence also includes a request for a hearing and he has filed a separate motion to be bench warranted to Dallas, Texas.

## II. PRIOR & SUBSEQUENT HABEAS LITIGATION

Petitioner is no stranger to the federal court system. In the last year, he has filed four prior habeas actions in which he failed to either pay the filing fee or file a properly supported application to proceed IFP.

In *Edmond v. Quarterman*, No. H-07-00537 (S.D. Tex. filed Feb. 8, 2007) (transferred from Eastern District of Texas), petitioner filed an application to proceed IFP with his habeas petition but failed to include a certificate of inmate trust account or a disciplinary report to show the punishment assessed in the challenged disciplinary hearing. When petitioner did not correct the deficiencies, the court dismissed the action without prejudice pursuant to Fed. R. Civ. P. 41(b).

In *Edmond v. Quarterman*, No. 3:07-CV-0821-L (N.D. Tex. filed May 9, 2007), the Court dismissed the habeas action under Fed. R. Civ. P. 41(b) when petitioner did not respond to a NOD which informed him that he had not paid the filing fee or submitted an application to proceed IFP.

In *Edmond v. Quarterman*, No. 3:07-CV-0852-D (N.D. Tex. filed May 14, 2007), the Court obtained two applications to proceed IFP from petitioner but no certificate of inmate trust account after issuing three NODs – two for the missing certificate of inmate trust account. The Court ultimately granted petitioner permission to proceed IFP on the information before the Court, and later dismissed the habeas action for petitioner's failure to exhaust state remedies.

In *Edmond v. Quarterman*, No. H-07-3298 (S.D. Tex. filed Oct. 3, 2007), petitioner filed an application to proceed IFP with his habeas petition but failed to include a certificate of inmate trust account. On October 15, 2007, the court issued an "Order to Correct Deficient Pleadings" in which it highlighted a number of deficiencies in the filed habeas petition. The Court struck the petition from the record, ordered petitioner to file a corrected, amended petition, and denied IFP status pending reconsideration with the filing of a proper petition. Petitioner's amended petition resulted in a dismissal with prejudice because the court found (1) petitioner's challenge to a 1997 parole revocation untimely and successive; (2) his challenge to the calculation of his time credits untimely and duplicative of his claims in *Edmond v. Quarterman*, No. 3:07-CV-0852-D; (3) his challenge to disciplinary proceedings that occurred in 2001 and 2003 untimely; (4) all of his challenges to disciplinary proceedings lacked facts showing entitlement to relief; and (5) the amended petition failed to correct the deficiencies noted in the October 15, 2007 order. *See Edmond v. Quarterman*, No. H-07-3298, 2007 WL 4017199, at *2-3 (S.D. Tex. Nov. 15, 2007). In a particularly telling footnote, the court stated:

> Edmond has filed a motion for leave to proceed in forma pauperis. (Doc. # 2). As noted previously, Edmond is a frequent filer in the federal courts and not a novice. Court records reflect that he has filed over thirty lawsuits, including both habeas corpus and civil rights complaints. He has so many strikes against him for filing baseless claims that he is now barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g). *See Edmond v. Quarterman*, Civil No. H-07-2284 (S.D. Tex. Aug. 21, 2007) (detailing the number of "strikes" and dismissing under § 1915(g)). Although the three-strikes provision found in § 1915(g) does not apply to habeas corpus proceedings, the Court will not grant Edmond leave to proceed in forma pauperis in this case because of his continued failure to comply with federal procedural rules.

*Id.* at *3 n.1.[1]

Since the filing of this action, petitioner has filed two other habeas actions in this Court. *See Edmond v. Quarterman*, No. 3:08-CV-1471-B (N.D. Tex. filed Aug. 18, 2008); *Edmond v. Quarterman*, No. 3:08-CV-2041KB (N.D. Tex. filed Nov. 12, 2008). In the most recent case, the Court issued a Notice of Deficiency and Order on November 19, 2008, in which it informed petitioner that he had not paid the filing fee or submitted a request to proceed IFP. In the other new case, petitioner likewise neither paid the filing fee nor submitted a request to proceed IFP. The Court sent him a Magistrate Judge's Questionnaire to flesh out the nature of his claims; on September 12, 2008, the Court received petitioner's response to the Magistrate Judge's Questionnaire which shows that he challenges the same state conviction in that action as he challenges here (Cause No. F90-30594-MW); a second conviction (Cause No. F91-56810-TW); and an unspecified disciplinary proceeding. He also asserts claims under 42 U.S.C. § 1983.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d

---

[1] A review of the U.S. Party/Case Index reveals that petitioner's prior cases now total forty.

1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner has failed to comply with the order of the Court that he pay the filing fee within thirty days of October 21, 2008. Such failure provides a sufficient reason to dismiss this action pursuant to Rule 41(b).

Rule 41(b) permits the courts to dismiss an action with or without prejudice. A dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980). To warrant such a harsh sanction, there must be "a clear record of delay or contumacious conduct" and the interests of justice must not be better served by lesser sanctions. *Gray v. Fidelity Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981) (per curiam) (citations omitted). In addition, at least one of three aggravating factors are generally present: (1) delay caused by the litigant himself and not his attorney; (2) actual prejudice to the opposing party; or (3) "delay caused by intentional conduct". *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986).

For delay to warrant a dismissal with prejudice, it "must be longer than just a few months" and "must be characterized by 'significant periods of total inactivity.'" *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988) (quoting *John v. Louisiana*, 828 F.2d 1129, 1131 (5th Cir. 1987)). Such dismissal are generally reserved for "egregious and sometimes outrageous delays." *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). It is reserved for cases where the litigant's own "conduct has threatened the integrity of the judicial process, often to the prejudice of the [opposing party], leaving the court no choice but to deny" the offending litigant the benefit of the judicial process. *Id.*

While contumacious conduct may warrant a dismissal with prejudice, "it is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead it is the 'stubborn resistance to authority' which justifies a dismissal with prejudice." *McNeal*, 842 F.2d at 792 (quoting *John*, 828 F.2d at 1131-32). The courts review the relevant facts of each case to "determine whether the facts expose an obstinate disrespect for the judicial process." *Id.*

In this case, petitioner's litigation history reveals an individual who has chosen to burden the courts with numerous vexatious and frivolous civil and habeas actions. A review of his four prior habeas actions reveal a clear record of unwillingness to comply with procedural filing requirements. As the party commencing forty civil or habeas actions in federal court, petitioner should be well aware that the filing of a complaint or petition should be accompanied with payment of the filing fee or a proper request to proceed IFP. He has been informed at least three times in the habeas context prior to filing this action that he must provide a certificate of inmate trust account with a filed application to proceed IFP, and once since the filing of this action. This Court has made three independent attempts to obtain either a fee payment or a request to proceed IFP with the required certificate of inmate trust account. Because petitioner knew he should have paid the fee or filed a properly supported IFP application when he commenced this action, there is no excuse for his failure to pay the $5.00 filing fee by November 20, 2008, more than three months after he filed this action. Petitioner's delays appear intentional in light of his extensive litigation history. The Court has expended time and effort far in excess of the minimal $5.00 fee in an effort to move this case to a point where it could consider petitioner's actual allegations. While the relatively short delay in this specific action may not warrant a dismissal with prejudice, petitioner's litigation history as a whole

reveals a clear record of contumacious conduct which could warrant a dismissal with prejudice.

Furthermore, petitioner continues down the same path as in *Edmond v. Quarterman*, No. H-07-3298 (S.D. Tex. filed Oct. 3, 2007). He has filed a petition which presents vague allegations related to multiple proceedings covering a period of several years. In Cause No. H-07-3298, the court found that he was challenging a 1997 parole revocation and unspecified prison disciplinary proceedings that occurred in 2001, 2003, and 2007. *See Edmond v. Quarterman*, No. H-07-3298, 2007 WL 4017199, at *1-2 (S.D. Tex. Nov. 15, 2007). After the court alerted petitioner of the deficiencies with his petition, he filed an amended petition with "more of the same vague allegations" that failed to comply with the court's instructions. *Id.* at *3. Petitioner here purports to challenge (1) his Dallas County conviction in Cause No. F90-30594-MW; (2) an unspecified parole revocation proceeding; and (3) unspecified disciplinary proceedings which occurred between 2001 and April 10, 2008. (*See* Pet. at 2, 5.) As the Southern District informed petitioner, the federal courts "need not accept speculative and inconcrete claims such as these." *Edmond*, 2007 WL 4017199, at *3 (citing *Baldwin v. Blackburn*, 653 F.2d 942, 947 (5th Cir. Unit A 1981)).[2]

Although petitioner has pursued four prior habeas actions, two were dismissed without prejudice under Rule 41(b), one was dismissed without prejudice for lack of exhaustion, and one was dismissed with prejudice. No habeas court has specifically sanctioned petitioner or warned him of potential sanctions for litigation abuses except that the Southern District refused to grant petitioner

---

[2] Because petitioner challenged some of the same disciplinary proceedings and perhaps even the same parole revocation proceeding in the Southern District, the instant action is also subject to dismissal without prejudice as a successive petition under § 2244(b). *See Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003) (holding that "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ"). Additionally, the present challenge to the 1990 conviction is most certainly barred by the applicable one-year statute of limitations. *See* 28 U.S.C. § 2244(d). However, the courts consider the successive nature of federal petitions before reaching the issue of timeliness.

7

leave to proceed IFP "because of his continued failure to comply with federal procedural rules." *Id.* at *3 n.1. Despite the contumacious conduct by petitioner in his various habeas actions, it appears that the interests of justice would be better served by sanctions less severe than a dismissal with prejudice. Consequently, the Court should dismiss this action without prejudice for petitioner's failure to pay the filing fee in this action and impose lesser sanctions.

### IV. LESSER SANCTIONS

The federal courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

In view of petitioner's litigation history, it is appropriate to bar him from proceeding IFP in any future habeas action as did the Southern District. Not only does petitioner appear to have the financial wherewithal to pay the minimal $5.00 fee for such actions, but his conduct has caused various courts to unnecessarily expend scarce judicial resources in obtaining the fee or a request to proceed IFP in this and other cases. The Court should require that any future habeas petition be accompanied by the requisite filing fee and make a non-compliant filing subject to summary dismissal for failure to pay the fee. In addition, the Court should admonish or warn petitioner that further sanctions may be imposed, if he continues to engage in abusive litigation practices or files

8

another successive habeas petition without first obtaining authorization from the Fifth Circuit as required by 28 U.S.C. § 2244(b)(3). Should petitioner persist with his legal maneuvering, he should be monetarily sanctioned and barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

## V. RECOMMENDATION

For the foregoing reasons, it is recommended that this habeas action be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b). The Court should **BAR** petitioner from proceeding *in forma pauperis* in any future habeas action as set forth herein and **WARN** petitioner that, if he continues to engage in abusive litigation practices or files another successive habeas petition without first obtaining leave from the Fifth Circuit, he will be subject to additional sanctions, up to and including monetary sanctions payable to the Court and being barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

**SIGNED this 21st day of November, 2008.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                                      IRMA CARRILLO RAMIREZ
                                                                      UNITED STATES MAGISTRATE JUDGE